**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**ZAHID N. QURAISHI**
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

September 10, 2026

# LETTER ORDER

**Re: TONNESHA KIDD v. ROYAL HEALTHGATE NURSING,** d/b/a ROYAL OPERATIONS, LLC, d/b/a BROADWAY HEALTHCARE, LLC, ***et al.*,**
**Civil Action No. 25-2393 (ZNQ) (TJB)**

Dear Litigants:

This matter comes before the Court upon three motions. The first motion is a Motion for Default Judgment filed by Plaintiff Tonnesha Kidd ("Plaintiff") filed on February 2, 2025. ("Plaintiff's Motion", ECF No. 13.) The second motion is a Motion to Vacate the Entry of Default filed by Defendant Royal Healthgate Nursing d/b/a/ Royal Operations, LLC, d/b/a/ Broadway Healthcare, LLC ("Royal Healthgate") filed on April 10, 2026 ("Royal Healthgate's Motion", ECF No. 14), and Royal Healthgate's Motion was accompanied by a Moving Brief ("Royal Healthgate's Moving Br.", ECF No. 14-4). Plaintiff filed an Opposition Brief to Royal Healthgate's Motion on April 20, 2026 ("Pl.'s Opp'n Br. to Royal Healthgate", ECF No. 20), and Royal Healthgate filed a Reply Brief ("Royal Healthgate's Reply Br.", ECF No. 21). The final motion is a Motion to Vacate the Entry of Default Judgment filed by Defendant Chubb National Insurance ("Chubb") on May 4, 2026 ("Chubb's Motion", ECF No 22), and Chubb's Motion was accompanied by a Moving Brief ("Chubb's Moving Br.", ECF No. 22-1). Plaintiff filed an Opposition Brief to Chubb's Motion on May 11, 2026. ("Pl.'s Opp'n Br. to Chubb", ECF No. 25.) Chubb did not file a Reply Brief.

Plaintiff initiated this employment action by filing the Complaint on April 7, 2025, alleging, among other things, that Royal Healthgate and Chubb violated state and federal employment laws by retaliating against Plaintiff. (*See generally* ECF No. 1.) Plaintiff filed a Request for a Clerk's Entry of Default on August 4, 2025 (ECF No. 9), accompanied by proof of service from the Mercer County Sheriffs' Office averring to have served agents of Royal Healthgate and Chubb on July 11, 2025 (ECF No. 9-1 at 1, 3). The Clerk's Office entered default as to Royal Healthgate and Chubb on that date. Plaintiff moved for a default judgment as to Royal Healthgate and Chubb in February 2026. (Plaintiff's Motion.) Royal Healthgate and Chubb thereafter moved to vacate the entry of default. (*See generally* Royal Healthgate's Motion; Chubb's Motion.)

"When parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first." *Kinch v. Caulfield*, Civ. No. 23-2076, 2026 WL 884959, at *3 (D.N.J. Mar. 31, 2026) (quoting *Mawalla v. Lakewood Bd. of Educ.*, Civ. No. 23-2734, 2025 WL 1260900, at *2 (D.N.J. Apr. 30, 2025)). Motions to enter default judgment and vacate default are governed by Federal Rule of Civil Procedure Rule 55.[1] *See* Fed. R. Civ. P. 55(a)–(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit directs that "[a]lthough the District Court has discretion to enter a default judgment, in this [C]ircuit, [courts] prefer that cases be adjudicated on the merits." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting a "preference that cases be disposed of on the merits whenever practicable")). These motions "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *see also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions[.]")).

When deciding whether to vacate default, district courts must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Dambach v. United States*, 211 F. App'x 105, 109 (3d Cir. 2006) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Applying those factors to the present matter, the Court finds that vacating the entry of default against Royal Healthgate and Chubb is warranted.

As to factor one, Plaintiff contends that she will be prejudiced in this matter because: (1) "evidence could be lost, or tainted through fraud, hindering Plaintiff's ability to adequately prosecute her claims"; (2) it has been "extremely difficult for Plaintiff to locate potential witnesses . . . and their memories have faded"; and (3) she will "suffer financially as a result[.]" (Pl.'s Opp'n Br. to Royal Healthgate at 21–24; Pl's Opp'n Br. to Chubb at 12.) In general, "prejudice will be found only where there has been a 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Itche Corp. v. G.E.S. Bakery, Inc.*, Civ. No. 08-3103, 2008 WL 4416457 at *2–3 (D.N.J. Sep. 23, 2008) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Although Plaintiff raises concerns about the loss of evidence or potential witnesses, the Court finds that Plaintiff will not be prejudiced if this matter were to proceed. Beyond these bare assertions, Plaintiff does not articulate how or in what manner evidence has been lost. Instead, Plaintiff merely raises the potential that evidence could be lost if she were to litigate her claims on the merits. *See Conte v. Goodwin*, Civ. No. 19-8333, 2020 WL 3410915, at *4 (D.N.J. June 22, 2020) (finding no prejudice to the plaintiff where the plaintiff "has not demonstrated that any evidence has been lost or that evidence is likely to be lost in the future."). Although the Court is sympathetic to Plaintiff's argument that this case has been prolonged for over one year, it is still in the early stages of litigation and the "fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

prejudice." *Choice Hotels Int'l Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000). Accordingly, factor one favors vacating the entry of default.

As to factor two, Royal Healthgate submits that it has a meritorious defense because: (1) it intends to challenge the sufficiency of service under Rule 12(b)(5); and (2) due to a settlement agreement entered into in a prior action, Royal Healthgate contends that Plaintiff's claims may not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). (Royal Healthgate Moving Br. at 4–6, 7.[2]) Chubb avers that it intends to seek dismissal under Rule 12(b)(6) because Plaintiff was never employed by Chubb and its sole role in this action is that of Plaintiff's former employer's insurer. (Chubb Moving Br. at 4–5.) To satisfy the "meritorious defense" factor, the moving party needs to present a defense that it "litigable." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (noting that "the Court need not decide the legal issue [on a motion to vacate the entry of default]; it is sufficient that [the] proffered defense is not facially unmeritorious." (internal quotation marks and citation omitted)). The Court finds that the proffered defenses are meritorious for purposes of the instant motions and, as a result, factor two favors vacating the entry of default.

Regarding factor three, Royal Healthgate and Chubb's conduct must be deemed "willful or bad faith conduct or deliberate trial strategy." *Dambach*, 211 F. App'x at 109–110. Here, the parties dispute whether service was properly effectuated. Plaintiff contends that Royal Healthgate and Chubb were served with the summons and complaint, yet Royal Healthgate contends that service was made on an entity it no longer owns or operates and Chubb states that Plaintiff served a non-existent Chubb entity. (*Compare* Pl.'s Opp'n Br. to Royal Healthgate at 15 *and* Pl.'s Opp'n Br. to Chubb at 9 *with* Royal Healthgate's Moving Br. at 7 *and* Chubb's Moving Br. at 5–6.) Given the bona fide dispute as to the sufficiency of service, the Court finds that the record presents no evidence of bad faith or willful conduct. Accordingly, factor three weighs in favor of setting aside the default entered against Royal Healthgate and Chubb.

With all three factors weighing in favor of vacating the entry of default,

**IT IS** on this 10th day of September 2026,

**ORDERED** that Royal Healthgate's Motion (ECF No. 14) and Chubb's Motion (ECF No. 22) are hereby **GRANTED**; it is further

**ORDERED** that the entry of default against Royal Healthgate and Chubb is hereby **VACATED**; it is further

---

[2] The Court acknowledges that Royal Healthgate alternatively seeks dismissal of Plaintiff's Complaint for insufficient service of process under Rule 12(b)(5). Because Chubb also intends to file a 12(b) motion, the Court finds that resolving both motions together would prudently serve judicial economy and, therefore, the Court reserves on deciding whether Plaintiff properly served Royal Healthgate at this time.

**ORDERED** that Plaintiff's Motion (ECF No. 13) is hereby **DENIED AS MOOT**; and it is further

**ORDERED** that Royal Healthgate and Chubb shall file an answer or responsive motion to Plaintiff's Complaint no later than thirty (30) days from the entry of this Letter Order.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**